Poole vs. Chaffe & Sons et als.

---

No. 9152.

### J. O. POOLE vs. JOHN CHAFFE & SONS ET ALS.

A bond of fifty dollars cannot support a suspensive appeal predicated on an order for a bond of one hundred and fifty dollars.

An agreement between parties consenting to a decision of cause at chambers, reserving appeal to either party, on a bond of $100 for a suspensive, and $50 for a devolutive appeal, is necessarily superseded and revoked by a different and subsequent agreement, fixing

no amount for a suspensive appeal and containing no reference to a devolutive appeal. In such a case, the amount of the bond for either mode of appeal must be fixed by the court and the bond must comply with the order of appeal.

APPEAL from the Eighteenth District Court, Parish of St. Tammany. *Thompson*, J.

*E. D. Saunders* for Plaintiff and Appellant.

*Jos. A. Reid* for Defendants and Appellees.

MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J.   Plaintiff's object in this suit was to maintain his possession of an immovable property by means of the writ of injunction so as to restrain the defendants from carrying into effect their threatened intention of ejecting him therefrom.

He has taken this appeal from a judgment dissolving the preliminary injunction which he had obtained in the premises.

Among other grounds, the motion to dismiss urges the insufficiency of the appeal bond, the same being for an amount different from that fixed in the order of appeal.

The order of appeal was rendered on appellant's petition praying for a suspensive appeal and fixed the amount of the bond at $150. The bond furnished was for $50.

But appellant contends that his appeal is only devolutive and that he furnished his bond for the sum agreed upon by the parties, who had consented that the cause could be decided at chambers with the same effect as if the judgment had been rendered in open court, and that either party had the right of appealing by furnishing a bond of one hundred dollars, if suspensive, and of fifty dollars, if devolutive.   Under a writ of certiorari issued from this Court the clerk of the lower court has added to the transcript an agreement to that effect.

His omission to transcribe it in the first place was doubtless owing to the fact that the agreement which had been entered into on the 14th of October, 1882, had been virtually cancelled by the parties and had been superseded by another and a different agreement on the same subject-matter, under date of the 19th of December, following.  The latter agreement stipulated that plaintiff was allowed time to January 5, 1883, to present his brief, that judgment might be rendered at vacation, and that either party could take a suspensive appeal within ten days after the filing of the judgment in the clerk's office.

Under the law which fixes the delay for a devolutive appeal, it was useless to stipulate any condition touching that mode of appeal. It is clear that the latter agreement had entirely superseded the former and it alone was the guide to the parties concerning their right to a suspensive appeal.

Within the delay, appellant applied for and obtained an order of *suspensive* appeal; no reference being made to a devolutive appeal, either in the petition or in the order. The latter conformed with the relief prayed for in the petition. The bond does not comply with the order and is, therefore, fatally defective.

To appellant's argument that his appeal is devolutive, because the judgment decreed nothing that could be suspended by appeal, the ready answer is that, under a suspensive appeal, the preliminary injunction would be maintained, otherwise if the appeal is devolutive, in which case the defendants could go and accomplish the very acts which he sought to prevent.

Again, if appellant predicates his appeal upon the agreement of October 24, 1882, he falls for want of an order of appeal under it. If he desires to stand, as he manifestly does, on the agreement of December 19, his bond does not comply with the order predicated on that agreement. Both horns of the dilemma are fatal to his appeal. 35 A. 935; Phillips vs. Creditors, 23 A. 543; Dupré vs. Mouton.

This appeal is, therefore, dismissed at appellant's costs.